THE STATE OF OHIO, APPELLEE, *v.* CONNER, APPELLANT.

(No. 1074 — Decided December 7, 1983.)

*Mr. Mark E. Heggie,* assistant prosecuting attorney, for appellee.

*Mr. Scott D. Rudnick,* for appellant.

WEBER, J. On February 17, 1982, defendant-appellant James A. Conner was cited by the Ohio State Highway Patrol for a violation of R.C. 4503.11(A) which states in part: "Except as provided by sections 4503.41 and 4503.43 * * * no person who is the owner or chauffeur of a motor vehicle operated or driven upon the public roads or highways shall fail to file annually the application for registration or pay the tax therefor."

On May 17, 1982, this case came before the Darke County Court, Southwestern District, at which time all evidence was submitted to the court which took the matter under advisement. After reviewing the evidence and arguments of counsel, the trial court issued a decision, dated August 9, 1982, which held that the vehicle being operated by defendant on February 17, 1982, qualified as a "motor vehicle" for registration purposes and that defendant was therefore guilty of violating R.C. 4503.11. Defendant appealed from the judgment entered thereon to this court asserting two assignments of error.

Assignment of Error No. I states:

"I. The trial court erred in finding that the vehicle in question was a motor vehicle, subject to the annual tax, rather than an item of farm machinery, exempt from any license fee or registration requirement."

The trial court's decision, dated August 9, 1982, concluded that the vehicle in question is properly classified as a "motor vehicle" for purposes of R.C. 4501.01 *et seq.* In accordance with this finding, the trial court further concluded that defendant was guilty of violating R.C. 4503.11 which requires, *inter alia,* registration of all "motor vehicles" operated upon public roadways. Defendant submits that the vehicle in issue is not a "motor vehicle" but rather falls under the statutory definition of "farm machinery" and is therefore exempted from the registration requirements of R.C. 4503.11.

R.C. 4501.01 contains statutory definitions of various terms used throughout the subsequent chapters of Title 45. Section 4501.01(B) defines "motor vehicle" to include:

"* * * any vehicle, including house trailers and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except motorized bicycles, road rollers, * * * farm machinery, * * *"

R.C. 4501.01(U) defines "farm machinery" as:

" 'Farm machinery' means all machines and tools used in the production, harvesting, and care of farm products, including trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour, or less."

Whether the vehicle operated by defendant on February 17, 1982, was a "motor vehicle" for purposes of R.C. 4503.11 is a question of fact to be determined by the trier of fact. A reviewing court may not reverse a trial court's judgment where the record reflects that the judgment is supported by sufficient credible evidence. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to consider. *Id.*

In the present case, the court's statement of proceeding, filed March 29, 1983, reveals that sufficient evidence was presented to support the trial court's finding. The statement reveals that the vehicle in question is a Ford truck modified for use as a flotation spreader. The vehicle is owned by Estech, Inc. which sells fertilizer to farmers and provides them with the use of the vehicle to spread the fertilizer upon their fields. Defendant, who is an employee of Estech, Inc., was operating the vehicle upon a public highway at approximately thirty-six miles per hour when he was stopped by the State Highway Patrol. Except for specified modifications of the tires, the bed and the rear bumper, the truck is similar in nature to other trucks. In addition, photographs of the vehicle were submitted into evidence for the trial court's consideration.

The trier of fact concluded that the vehicle in question was a "motor vehicle" and therefore subject to registration under R.C. 4503.11. Having reviewed the court's statement of proceeding and the photographs admitted into evidence, we conclude sufficient evidence was presented to support this finding.

Assignment of Error No. I is overruled.

Assignment of Error No. II provides:

"II. The trial court erred in applying an 'ownership' standard, rather than a 'use' standard, to determine the status of the vehicle in question.

"A. The trial court erred in relying upon an opinion of the Ohio Attorney General in justifying its decision.

"B. There is no legitimate state interest to be served by requiring annual registration of flotation spreader trucks."

Defendant submits that the trial court committed error in classifying the motor vehicle in question on the basis of ownership instead of limiting the basis of its determination to the vehicle's use. Defen-

dant contends that the trial court incorrectly relied upon 1975 Ohio Atty. Gen. Op. No. 75-043 which supports the position that the classification of a vehicle as "farm machinery" or "motor vehicle" depends upon the *ownership* of said vehicle. Defendant contends that if the trial court had limited its inquiry solely to the vehicle's *use*, such vehicle would properly have been classified as "farm machinery" under the evidence presented.

While we agree with defendant that the use of a vehicle determines whether such vehicle is properly classified as "farm machinery," use is not the only relevant factor the trier of fact may consider. The ownership of a vehicle, along with any other relevant evidence, may be considered if helpful in determining the actual way the vehicle in question is put to use.

In the present case, numerous witnesses came before the trial court and presented testimony concerning the vehicle's ownership, use, design, the modifications made to the vehicle and its speed ability. Doyle Hemmerick, an employee of Estech, Inc., testified that although the vehicle was designed for the spreading of fertilizer upon farm fields, it was also driven upon public highways and occasionally loaded with fertilizer at the plant and then driven to the fields for distribution. Photographs of the vehicle, taken February 17, 1982, were also presented, which displayed the vehicle being driven upon a public highway.

In its decision, the trial court concluded that the vehicle in question was not "farm machinery" as defined by R.C. 4501.01(U) at the time pertinent to this inquiry. Looking at the decision as a whole, we cannot say the trial court failed to consider all relevant evidence in reaching this conclusion. Although the trial court did consider the fact that the owner of the vehicle was not a farmer, it is our opinion that a vehicle's ownership may be considered in determining the way a vehicle is put to use. In addition to the vehicle's ownership, the trial court also noted that the photographs of the vehicle clearly established that the vehicle was primarily a truck which had been modified by the attachment of fertilizer spreading equipment. We further note that at the time pertinent, the vehicle was traveling at the rate of thirty-six miles per hour and was being used to transport itself from one business location to another business location of a merchant engaged in a retail business. In the absence of evidence to the contrary, we must presume the trial court properly considered all relevant evidence in reaching its decision.

Under Assignment of Error No. II, defendant also submits that the trial court's decision presents a constitutional issue in that it incorrectly assumed the state had a legitimate interest in regulating vehicles whose principal use is on farm land. Defendant did not raise this alleged constitutional violation with the trial court and therefore has waived this issue for purposes of appeal. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98]; *Brown* v. *Dollison* (July 22, 1982), Montgomery App. No. 7679, unreported.

Appellant's second assignment of error is not well-taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.