PUTKA, Exr., et al., Appellees,

v.

CITY OF PARMA et al., Appellants.

[Cite as *Putka v. Parma* (1993), 90 Ohio App.3d 647.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61775.

Decided May 6, 1993.

*Weisman, Goldberg & Weisman Co., L.P.A.,* and *Fred Weisman,* for appellees.

*Christopher A. Boyko,* Parma Law Director, and *Roger A. Pelagalli,* Assistant Law Director, for appellants.

HARPER, Judge.

## I

Appellants, the city of Parma ("the city") and Lee Janotta, appeal the denial of their summary judgment motion and the verdict of the jury in a wrongful death action filed by appellees, Andrew C. Putka, executor of the estate of Katharina Rostas, deceased, and the next of kin of Katharina Rostas: Margrita, Judith, Stanley, and Jack. For the reasons that follow, we affirm.

## II

Lee Janotta, an employee of the city, on August 30, 1989, was operating a city backhoe No. 10 vehicle, Model 680 H Construction King. The backhoe struck and killed Katharina Rostas. The vehicle is used exclusively for construction and other industrial applications, like digging ditches, digging holes, etc. It is not designed or supposed to be operated on streets and highways. Katharina Rostas was struck as she crossed the intersection of Spring Garden Road and Ridge Road, in Parma, Ohio. The place of the accident was not a work site, nor was Janotta engaged in any road repair at the time of the incident. He was driving the backhoe from the city service garage to a work site.

### III

The following errors were assigned for our review:

"I. The trial court erred in overruling appellants['] motion for summary judgment in direct contravention to Ohio Rule of Civil Procedure 56(E) and the Common Law of the State of Ohio.

"II. The trial court erred in ruling, as a matter of law, that the appellants['] backhoe was a 'motor vehicle' pursuant to Ohio Revised Code Section 4511.01(B).

"III. The trial court erred in overruling appellants['] motion for summary judgment in that appellants were immune from liability pursuant to Ohio Revised Code Chapter 2744."

■■■ Appellants argue in their first assignment of error that appellees failed to comply with Civ.R. 56(E) by not setting forth specific facts showing that there is a genuine issue for trial. The record shows that appellees offered no evidence to counter appellants' motion for summary judgment except excerpts from a deposition that had not been filed with the court.

A deposition transcript must be filed with the court or otherwise authenticated before it can be given the force and effect of legally acceptable evidence by the court. *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 76, 14 OBR 87, 88, 470 N.E.2d 245, 246.

■■■ However, where the complaint instrument establishes a genuine issue of material fact, the moving party's evidentiary material notwithstanding, summary judgment is improper. Summary judgment can be granted only if it is appropriate. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. See, also, Civ.R. 56(E). It is the moving party who has to establish that there are no genuine issues of fact and that he is entitled to judgment as a matter of law. *Rodger v. McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 8 OBR 347, 456 N.E.2d 1262; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. In light of our discussion *infra*, summary judgment was properly denied.

Appellants' first assignment of error is denied.

### IV

■■■ Appellants argue in their second assignment of error that the backhoe is not a "motor vehicle" within the meaning of the statute.

The Ohio Supreme Court ruled in *Metro. Property & Liab. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 115–116, 16 O.O.3d 139, 139–140, 403 N.E.2d 985, 985–986, that "motor vehicle" is defined by R.C. 4501.01(B). R.C. 4501.01(B) is

similar in definition to R.C. 4511.01(B) for the purposes of the application of the sovereign immunity of R.C. Chapter 2744.

R.C. 4511.01(B) provides as follows:

"(B) 'Motor vehicle' means every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, *except* motorized bicycles, road rollers, traction engines, power shovels, power cranes, and *other equipment used in construction work and not designed for or employed in general highway transportation, hole-digging machinery,* well-drilling machinery, *ditch-digging machinery,* farm machinery, trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour, or less, threshing machinery, hay-baling machinery, and agricultural tractors and machinery used in the production of horticultural, floricultural, agricultural, and vegetable products." (Emphasis added.)

At first glance, the backhoe in the instant case seems to be exempt as "other equipment used in construction work." It also could be exempt as "hole-digging machinery" and "ditch-digging machinery." But a careful examination warrants a different conclusion. In order for "other equipment used in construction work," as the backhoe in question, to be exempt, it must "not be designed for or employed in general highway transportation." Exemption must be consistent with the intent of the legislature in enacting the statute. This court held in *Berry v. Motorists Mut. Ins. Co.* (1983), 13 Ohio App.3d 228, 13 OBR 280, 468 N.E.2d 922, that a backhoe operated off a public road is not a "motor vehicle" as defined by R.C. 4501.01(B). We never said in *Berry,* as appellants seem to imply, that a backhoe operated on a public road is absolutely exempt. In paragraphs one and two of the syllabus in *Berry,* we held:

"1. Uninsured motorist coverage, under R.C. 3937.18, *is not applicable to an injury caused to an insured by a backhoe operated off a public road, for a backhoe operated off a public road is not a 'motor vehicle' as defined in R.C. 4501.01(B).*

"2. A motor vehicle insurance policy which excludes uninsured motorist coverage for '[a] farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads,' *thereby excludes coverage for an injury to the insured caused by a backhoe operated off a public road, i.e.,* such language is not ambiguous and is therefore enforceable." (Emphasis added.)

In the instant case, the backhoe in question was being operated on a public road, contrary to its intended purpose and to the purpose for which the

exemption was granted. It was travelling a distance from the garage to a work site. Therefore, by its operation on city streets, the driver is required to obey all city and state laws governing the operation of motor vehicles on public roads, including taking all safety precautions.

We agree totally with the court in *State v. Conner* (1983), 13 Ohio App.3d 179, 13 OBR 214, 468 N.E.2d 320, syllabus, when it held that in determining whether a vehicle is a motor vehicle within the meaning of the statute, "a 'use' standard" may be applied. This reasoning is necessary for the interest of justice and to prevent the exemption from being used as a protection from the very act the statute intends to prevent, which is preventing certain vehicles from being operated on public roads. Our reasoning is further bolstered by both R.C. 4501.01(B) and 4511.01(B), which grant an exemption to a vehicle that might be used for a short distance to transport materials between a local storage and a farm, but temper the exemption with a restraint that the vehicle be towed or drawn if it is to be used on public roads or highways:

" * * * except * * * trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour, or less * * *."

It is our opinion that if the legislature intended to grant further exemption to backhoes when they travel short distances it would have so stated. Absent such a grant, a backhoe should only be operated at the site of its intended use. If it is to be operated on city streets for short-distance travelling, then it should be either drawn or towed to avoid being classified as a "motor vehicle."

We note that several unreported cases tend to imply that a vehicle is not transformed into a "motor vehicle" because it is operated on a public road. *Groff v. Motorist Mut. Ins. Co.* (May 24, 1989), Summit App. No. 13919, unreported, 1989 WL 54705; *Montgomery v. Grange Mut. Cas. Co.* (June 24, 1988), Huron App. No. 49752, unreported, 1988 WL 66230. While these cases did not categorically state that an off-road vehicle operated on a public road cannot be construed to be a "motor vehicle," we believe that any implication that a vehicle can roam around the public road and not be treated as a "motor vehicle" within the meaning of R.C. 4511.01(B) would be inconsistent with the intent of the legislative exemptions. The exempted vehicles must be used for their intended purposes in order for the exemption to lie. As a common adage goes, "if it swims like a duck and quacks like a duck, it is a duck." An exemption cannot be given based on what a vehicle's supposed function should be, but what it was being used for at the time of the incident.

We cannot exempt the backhoe in question any more than we can exempt a golf cart that is driven on a city street, which subsequently injures an individual, on the excuse that it is used for a short distance from the garage, through the public road, to the golf course.

We also find persuasive the out-of-state cases cited by appellees which are consistent with our opinion that the exemptions granted in R.C. 4501.01(B) and 4511.01(B) must not be applied mechanically to circumvent the purpose of the exemptions, which is to keep the vehicle out of public roads unless they are on the public roads doing that for which the exemptions are granted. See *Lemon v. Fed. Ins. Co.* (1983), 111 Wis.2d 563, 331 N.W.2d 379; *Smedley v. Milwaukee Auto. Ins. Co.* (1961), 12 Wis.2d 460, 467, 107 N.W.2d 625, 628; see, also, *Woods v. Progressive Mut. Ins. Co.* (1969), 15 Mich.App. 335, 166 N.W.2d 613.

Thus, we conclude that a backhoe is not a "motor vehicle" within the provision of R.C. 4511.01(B) if it is used for its intended purpose; however, where a backhoe is operated on the public road like any other vehicle, it cannot be exempt as a matter of law from being classified as a "motor vehicle" on the pretext that it travelled a short distance. Accordingly, appellants' second assignment of error is overruled.

### V

■ Appellants argue in their third assignment of error that the city is immune pursuant to R.C. 2744.02(A)(1). However, in R.C. 2744.02(B)(1), the statute allows recovery against a state or political subdivision for its employee's negligent operation of a motor vehicle. Since the trial court properly ruled the backhoe in the instant case a "motor vehicle," the city is not immune if it was negligently operated by its employee.

Accordingly, the judgment is affirmed.

*Judgment affirmed.*

NUGENT, J., concurs.

NAHRA, P.J., dissents.

NAHRA, Presiding Judge, dissenting.

The sole question involved in this unfortunate case is whether the city of Parma is immune from liability for the accident which caused Katharina Rostas's death. The answer to this question depends on whether the backhoe was a

"motor vehicle" as defined by the legislature. If it was a "motor vehicle," then the city is liable, but if the backhoe was not a "motor vehicle," then the city has governmental immunity and is not liable.

The Ohio legislature defined the term "motor vehicle" and listed certain exceptions. The backhoe here involved seems clearly to fall into several exceptions to what is a "motor vehicle" and thus governmental immunity would apply.

On its face, R.C. 4511.01(B) excludes this backhoe from the definition of "motor vehicles" because:

1. It is other equipment used in construction work and not designed for or employed in general highway transportation;

2. It is hole-digging machinery; and

3. It is ditch-digging machinery.

The majority says that these exceptions do not apply because the backhoe was being operated on the public highway at the time of the accident. Moving a backhoe to its job site over a public highway does not constitute being employed in *general* highway transportation." It is difficult to imagine how such a piece of equipment, designed solely for construction and with a top speed of only 19.3 miles per hour, could ever be used for "general highway transportation."

Even if the "other construction equipment" exception under (1) above does not apply, the backhoe falls under the hole-digging and ditch-digging machinery exceptions. These exceptions are not modified by the phrase, "not designed for or employed in general highway transportation." Nothing in the statute implies that a use test should be applied to these items. If the statute is clear, it must be applied as written. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378.