OPINION
Plaintiffs-appellants, Richard J. Muenchenbach, Geraldine M. Muenchenbach, and Ruth M. Muenchenbach, appeal a Preble County Court of Common Pleas decision to grant summary judgment in favor of defendants-appellees, Preble County, the Board of Commissioners of Preble County, and the Preble County Engineers/ Highway Department (collectively "Preble County"). Finding that no issue of material fact exists and that Preble County is entitled to judgment as a matter of law, we affirm the decision of the trial court.
On October 24, 1995 at about 12:50 p.m., Mr. Muenchenbach was driving his wife, Geraldine, and his mother, Ruth, on West Florence-Campbellstown Road in Jackson Township in Preble County, Ohio. Travelling north, appellants encountered road construction. Appellants passed a construction vehicle spreading gravel on the berm of a new blacktop road. After travelling about one mile farther, appellants encountered a tractor. Mr. Muenchenbach sounded the car horn and attempted to pass the tractor on the left, when the tractor made a sudden left turn and collided with appellants' vehicle. Appellants' vehicle was struck on the passenger side and left the roadway. The tractor was driven by William L. House, a highway service worker employed by the Preble County Engineer's Office. Before turning, Mr. House had checked his rear-view mirrors but had not signaled for a left turn.
Appellants filed a complaint against Preble County, alleging negligence and seeking compensation for injuries caused by the accident. Preble County filed a motion for summary judgment, asserting that pursuant to R.C. 2744.02(A)(1) it was immune from suit. The trial court awarded summary judgment in favor of Preble County, finding that as a matter of law Preble County was entitled to immunity. Appellants filed this appeal and have raised seven assignments of error.
Assignment of Error No. 1:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS AND THEREBY DENYING PLAINTIFFS-APPELLANTS THE OPPORTUNITY TO PRESENT THEIR CASE AT TRIAL, THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FAILED TO TAKE INTO ACCOUNT OR CONSIDERATION PLAINTIFFS-APPELLANTS' AFFIDAVITS WITH SWORN ATTACHMENTS CLEARLY SHOWING AND JOINING MANY GENUINE ISSUES AS TO MATERIAL FACTS, AND DID ERRONEOUSLY FIND AND HOLD AS A MATTER OF LAW THAT NO GENUINE ISSUE AS TO MATERIAL FACTS EXIST IN THIS CASE AND THAT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION, WITH THAT CONCLUSION BEING ADVERSE TO PLAINTIFFS-APPELLANTS.
Assignment of Error No. 2:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FAILED TO CONSTRUE THE PLEADINGS AND EVIDENCE (AFFIDAVITS AND SWORN ATTACHMENTS) BEFORE IT MOST STRONGLY IN FAVOR OF PLAINTIFFS-APPELLANTS — BUT IN FACT, AND CONTRARY TO LAW, CONSTRUED SUCH PLEADINGS AND EVIDENCE MOST STRONGLY IN FAVOR OF THE MOVING PARTIES, DEFENDANTS-APPELLEES.
Assignment of Error No. 3:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FOUND AND HELD, AS A MATTER OF LAW, AS FOLLOWS: "IN SUMMARY, THE COURT FINDS THAT THE TRACTOR IN QUESTION WAS NOT A MOTOR VEHICLE AND THAT THEREFOR [SIC] SECTION 2744.02(B) DOES NOT AFFECT THE GENERAL GRANT OF IMMUNITY CONTAINED IN SECTION 2744.02(A). ON THIS ISSUE REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION, GIVEN THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT, AND THAT DEFENDANT IS ENTITLED TO IMMUNITY AS A MATTER OF LAW." (JUNE 26, 1998 TRIAL COURT DECISION, PAGE 4, 2ND FULL PARAGRAPH.)
Assignment of Error No. 4:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FOUND AND HELD, AS A MATTER OF LAW,
 THAT THE TRACTOR IN QUESTION BEING DRIVEN BY DEFENDANTS-APPELLEES' EMPLOYEE WAS NOT DESIGNED FOR GENERAL HIGHWAY TRANSPORTATION. (JUNE 26, 1998 TRIAL COURT DECISION, PAGE 4, 1ST PARTIAL PARAGRAPH.)
Assignment of Error No. 5:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FOUND AND HELD, AS A MATTER OF LAW, THAT ". . . TRACTORS SIMILAR TO THE ONE IN QUESTION IN THIS CASE SIMPLY ARE NOT DESIGNED FOR GENERAL HIGHWAY TRANSPORTATION." (JUNE 26, 1998 TRIAL COURT DECISION, PAGE 4, 1ST PARTIAL PARAGRAPH.)
Assignment of Error No. 6:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FOUND AND HELD, AS A MATTER OF LAW, THAT ". . . A VEHICLE THAT IS NOT DESIGNED FOR GENERAL HIGHWAY TRANSPORTATION DOES NOT BECOME A MOTOR VEHICLE IF OCCASIONALLY EMPLOYED IN HIGHWAY TRANSPORTATION UNLESS THE ACCIDENT IN FACT OCCURS DURING SUCH USE AS GENERAL TRANSPORTATION." (JUNE 26, 1998 TRIAL COURT DECISION, PAGE 4, 1ST FULL PARAGRAPH.)
Assignment of Error No. 7:
 IN GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFFS-APPELLANTS THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS IN THAT ITS JUNE 26, 1998 ORDER AND DECISION, HERE APPEALED, FOUND AND HELD AS A MATTER OF LAW THAT THE WORK BEING PERFORMED AT THE TIME OF THE ACCIDENT WAS NOT A PROPRIETARY FUNCTION OF THE DEFENDANTS-APPELLEES.
Because each of the assignments of error are interrelated, we will address them together. Appellants argue that the trial court's decision to grant Preble County summary judgment was error.
Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
R.C. 2744.02(A)(1) grants sovereign immunity from civil liability upon a political subdivision "for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Maintaining and repairing roads and highways is a "governmental function." See R.C. 2744.01(C)(2)(e). Therefore, under R.C. 2744.02(A)(1), a political subdivision may be immune from suit for actions which occur during the maintenance and repair of roads. However, R.C. 2744.02(B)(1) carves out an exception to the general grant of immunity covered by R.C.2744.02(A)(1), providing that, "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority." (Emphasis added.) R.C.2744.01(E) provides that the term "motor vehicle" is defined by R.C. 4511.01. R.C. 4511.01(B) defines "motor vehicle" as the following:
 * * * Any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. "Motor vehicle" does not include motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, [and] farm machinery * * * (Emphasis added.)
Appellants allege that the tractor was designed for general highway transportation, was not used exclusively in construction work, and was, in fact, a "motor vehicle" under R.C. 4501.01(B). Appellants also assert that Mr. House was making a turn so that he could return to county pick-up trucks that were about a mile and a half down the road to warm up. However, appellants fail to support these assertions by evidence.
In its motion for summary judgment, Preble County indicated that the tractor was not designed for general highway transportation, was used exclusively in construction work, and was not licensed for road use. Pictures of the tractor reveal that it has a blade in the back and a sweeper in the front which are used for road construction and maintenance. According to Mr. House's affidavit, at the time of the accident he was attempting to turn around on a private drive that was within the construction zone so that he could drive south to pack down freshly dumped gravel in that direction.
Appellants argue that following Putka v. Parma (1993), 90 Ohio App.3d 647,652, the trial court should have concluded that the tractor was a "motor vehicle" for purposes of R.C. 4501.01(B) and that Preble County was not immune from suit. In Putka, a backhoe was involved in an accident when driving from the city service garage to a work site. Id. at 649. The place of the accident was not at a work site and the backhoe was not engaged in any road repair at the time of the accident. Id.
In contrast, the accident in this case occurred within the construction zone. Because the tractor was being used in construction work and was not designed for or employed in general highway transportation, it is not a "motor vehicle" under R.C.4501.01(B). Therefore, R.C. 2744.02(B)(1) does not apply and pursuant to R.C. 2744.02(A)(1), Preble County is immune from suit. We agree with the trial court's decision to grant summary judgment to Preble County and find that appellants' assignments of error are without merit.
Judgment affirmed.