OPINION
On February 26, 1999, Thomas Owen Mustric filed a complaint in the Franklin County Court of Common Pleas against Penn Traffic Company dba Big Bear Stores ("Big Bear"), "Nationwide Reality Investors Inc." ("Nationwide")[1] and Ingle Barr, Inc. ("Ingle Barr"). Mr. Mustric noted that this was a re-filed complaint. Mr. Mustric averred that he had tripped and fallen over a negligently designed area used for the return of shopping carts. The incident occurred in a parking lot outside of a Big Bear grocery store located in Thurber Shopping Center. Nationwide was the owner of the shopping center, and Big Bear leased a portion of such shopping center. Ingle Barr constructed the cart corrals at issue.
On September 21, 1999, a modified case schedule was filed indicating the following deadlines:
Supplemental disclosure of witnesses October 15, 1999
Dispositive motions December 15, 1999
Discovery cut-off January 15, 2000
On September 30, 1999, Big Bear and Nationwide filed a joint motion for summary judgment, asserting summary judgment in their favor was warranted as the undisputed evidence established that Mr. Mustric was aware of the existence of the cart corrals and took precaution to avoid them; therefore, Big Bear and Nationwide could not be held liable for Mr. Mustric's injuries.
On October 15, 1999, Mr. Mustric filed a motion for leave to file a late response to Big Bear and Nationwide's motion for summary judgment. Big Bear and Nationwide had no objection to this motion, and the trial court subsequently granted Mr. Mustric an extension until November 15, 1999 to respond to the motion for summary judgment.
On October 21, 1999, Ingle Barr filed its motion for summary judgment. Ingle Barr asserted, in part, that summary judgment in its favor was appropriate on statute of limitations grounds.
On December 22, 1999, the trial court filed an entry indicating Mr. Mustric had until January 17, 2000 to respond to Big Bear/Nationwide's and Ingle Barr's motions for summary judgment. On January 18, 2000, Mr. Mustric filed a motion for an extension to respond. On January 24, 2000, the trial court filed a decision and entry denying Mr. Mustric's motion for an extension.
On January 27, 2000, Mr. Mustric filed memoranda contra Big Bear/Nationwide's and Ingle Barr's motions for summary judgment. Attached was the affidavit of Alan J. Kundtz, appellant's purported expert witness. On this same date, Mr. Mustric also filed a motion for reconsideration of his January 18, 2000 motion for an extension. Big Bear, Nationwide and Ingle Barr moved to strike Mr. Mustric's memoranda contra on the grounds they were untimely. In addition, Big Bear, Nationwide and Ingle Barr contended Mr. Kundtz's affidavit should be stricken as Mr. Mustric failed to disclose this expert pursuant to the scheduling order.
On January 31, 2000, the trial court rendered a decision. Again, the trial court denied Mr. Mustric's motion(s) for an extension and denied Mr. Mustric leave to file late memoranda contra the motions for summary judgment. The trial court also granted Big Bear/Nationwide's and Ingle Barr's motions for summary judgment. A judgment entry was journalized on February 14, 2000.
Mr. Mustric (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 I. The only issue on appeal is whether the lower trial court abused its discretion when it granted full summary judgment rather than partial summary judgment when on appeal its review did not strike appellee's [sic] summary judgment when the judge did not impose an additional requirement on the appellees to meet the requirements set forth in Civil Rule 56.
 II. Because the procedures used by the lower trial court bias its decision to lower its case load rather than to follow law in the interest of justice as unconstitutional as 1) to require an expert witness to be disposed not required in Civil Rule 56; 2) to strike the plaintiff-appellant's expert witness and deposition exhibits, the bases for the case; and, 3) to not grant time for equity in law are lower trial court's controlling bias as required by Civil Rule 1 for equity in justice based on all available evidence, rather than merely adoption the lower trial court's judge's evaluation of its administrative record on plaintiff's disparate treatment claims as a hostile environment for justice. [Sic.]
We address appellant's second assignment of error first. The issues presented in appellant's second assignment of error are procedural in nature. Specifically, appellant contends the trial court erred in not granting him a further extension in which to file memoranda contra the motions for summary judgment filed by Big Bear, Nationwide and Ingle Barr (hereinafter collectively referred to as "appellees"). In addition, appellant asserts the trial court erred in striking his memoranda contra and the attached affidavit of his expert.
As indicated above, Big Bear and Nationwide's motion for summary judgment was filed on September 30, 1999. Pursuant to Loc.R. 21.01 of the Franklin County Court of Common Pleas, General Division, appellant's memorandum contra was due October 14, 1999. Appellant did not file a memorandum contra. Instead, one day later on October 15, 1999, appellant filed a motion for leave to file a late memorandum contra. The trial court granted appellant an extension until November 15, 1999. However, appellant did not file a memorandum contra by this date.
In the meantime, Ingle Barr had filed its motion for summary judgment on October 21, 1999. Hence, appellant's memorandum contra this motion for summary judgment was due November 4, 1999. Appellant did not timely respond to Ingle Barr's motion for summary judgment either.
On December 22, 1999, the trial court granted appellant an extension, giving him until January 17, 2000 to respond to both motions for summary judgment. By January 17, 2000, appellant had not filed any memoranda contra. On January 18, 2000, appellant again requested an extension, and the trial court denied this on January 24, 2000. Despite this ruling, appellant filed memoranda contra appellees' motions for summary judgment on January 27, 2000. Attached to these memoranda was the affidavit of appellant's expert, Mr. Kundtz. Appellant requested that such memoranda be deemed filed instanter.
On January 31, 2000, the trial court denied appellant a further extension and denied appellant's request that his memoranda contra be filed instanter. The trial court struck appellant's untimely memoranda and indicated they would not be considered. For the reasons that follow, we find the trial court did not err in making the above rulings.
In the January 18, 2000 motion for an extension, it appears appellant requested ten more days in which to file memoranda contra on the grounds he had been involved with a visiting diplomat January 16 through January 18, 2000. We first note that appellant did not set forth such facts in an affidavit; rather, such explanation was merely set forth in the body of appellant's motion. Second, appellant was aware on December 22, 1999 that he had until January 17, 2000 to file his memoranda contra the motions for summary judgment. Appellant had already been granted a previous extension. In addition, appellant's stated reasons for the request for an extension did not fall under Civ.R. 56(F). Appellant did not, for example, indicate he needed an extension in order to obtain affidavits or other discovery. Notwithstanding this, the trial court would not have abused its discretion in concluding appellant's stated reason for an extension was insufficient.
For all the reasons indicated above, the trial court did not abuse its discretion in denying appellant's motion for a further extension. Therefore, appellant's January 27, 2000 memoranda contra and the exhibits attached thereto were untimely, and the trial court did not err in striking them.
Accordingly, appellant's second assignment of error is overruled.
We now turn to appellant's first assignment of error. Appellant contends the trial court erred in granting summary judgment to appellees. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v.Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35.
We first address the summary judgment granted to Ingle Barr. In its motion for summary judgment, Ingle Barr asserted, in part, that summary judgment in its favor was warranted as the claim against it was time-barred. Specifically, Ingle Barr contended the savings statute, R.C. 2305.09, did not apply.
As indicated above, the complaint herein was a re-filed complaint. The incident at issue occurred on April 20, 1995. The original complaint was filed on April 21, 1997 (a Monday) — the last day the cause of action could have been filed under the applicable statute of limitations. Appellant voluntarily dismissed the original complaint on June 10, 1998 and re-filed it on February 26, 1999.
In the original action, the trial court had rendered a decision granting Ingle Barr's motion for summary judgment on the grounds appellant failed to personally serve Ingle Barr pursuant to Civ.R. 15(D).[2] In the original case, appellant had named a John Doe defendant. Appellant was later permitted to identify such John Doe as Ingle Barr. Civ.R. 15(D) states that when a plaintiff amends the pleading to reflect the now known defendant, a copy of the summons must be served personally upon the now named defendant. In its June 10, 1998 decision in the original action, the trial court stated that appellant's failure to personally serve Ingle Barr resulted in a failure to commence the action, as Ingle Barr had not been properly served within one year of the filing of the complaint. Appellant voluntarily dismissed the original action before final judgment had been entered on this decision.
The issue we must decide is whether the savings statute applies and permits appellant to re-file his complaint herein. R.C. 2305.19 states:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *
In Amerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57, the Supreme Court of Ohio dealt with the issue of whether an amended complaint related back to the original complaint pursuant to Civ.R 15(C). The plaintiff in such case filed a complaint against two unnamed defendants and later amended the complaint to name one of the John Doe defendants. Id. The plaintiff served such named defendant by certified mail. Id. at 57-58. Subsequently, the trial court granted such defendant's motion for summary judgment which had asserted the action was time-barred. Id. at 58.
The Supreme Court affirmed the granting of summary judgment, noting that Civ.R. 15(D)'s language is mandatory and specifically requires, in part, that the summons be served personally upon the now named defendant. Id. Certified mail service clearly was not in accord with Civ.R. 15(D). Id. While the amended complaint related back to the original complaint, the action had not been commenced against the defendant because proper service had not been obtained within one year of the original complaint.
Amerine establishes that Civ.R. 15(D)'s requirement of personal service is mandatory. As indicated above, appellant did not personally serve Ingle Barr after it had been specifically named in the action. Hence, the trial court in the original action properly determined that the action had not been commenced against Ingle Barr. However, this is not the exact issue before this court. Our determination rests upon R.C. 2305.19 which allows a re-filed action not only when the original action had been commenced but, alternatively, when the plaintiff merely has attempted to commence the action.
In Shanahorn v. Sparks (June 29, 2000), Franklin App. No. 99AP-1340, unreported, this court recognized that a case does not have to have been actually commenced in order to utilize the savings statute. We determined that the savings statute applied if the plaintiff merely attempted to commence the original action within the applicable statute of limitations. Id. at 8-9.
In Shanahorn, the plaintiff's original attempt at service failed, and service was not obtained within one year of the original complaint. The plaintiff subsequently voluntarily dismissed the original complaint and re-filed the complaint. In the re-filed action, the defendant asserted the savings statute was inapplicable because the original action had never been commenced. The plaintiff asserted the savings statute applied because she had attempted service (the original certified mail service that had failed). This court agreed with the plaintiff, noting that R.C. 2305.19 includes not only commencement but an attempt to commence. We indicated that an "attempt to commence" required only that the plaintiff take action to effect service on the defendant. Id. The plaintiff in Shanahorn had so attempted by requesting certified mail service at the time the complaint was filed. Id. at 10.
The case at bar presents a slightly different fact pattern, as it involves a former John Doe defendant. As indicated above, when a plaintiff is permitted to amend his or her complaint to specifically name a former John Doe defendant, such defendant must be personally served pursuant to Civ.R. 15(D). Here, appellant did not do so. Rather, appellant served Ingle Barr by certified mail. The question becomes, did appellant attempt to serve Ingle Barr such that the savings statute is applicable. We find that appellant did not.
We believe that an attempt to commence as set forth in R.C. 2305.19 must be pursuant to a method of service that is proper under the Civil Rules. Here, appellant's method of attempting to commence the action was pursuant to certified mail service, an improper method under Civ.R. 15(D). Not only did appellant not actually serve Ingle Barr by personal service, appellant did not even attempt to serve Ingle Barr by personal service. Personal service is the only method by which a now named John Doe defendant may be served. Hence, appellant did not properly attempt to commence the action against Ingle Barr.
Because appellant did not properly attempt to commence the action against Ingle Barr, the savings statute is inapplicable. Therefore, appellant failed to bring the present action against Ingle Barr within the applicable statute of limitations, and summary judgment in favor of Ingle Barr was appropriate. To this extent, appellant's first assignment of error is overruled.
We now turn to the summary judgment granted to Big Bear and Nationwide. Big Bear and Nationwide's motion for summary judgment went to the merits of the negligence claim against them. Big Bear and Nationwide assert the trial court did not err in granting them summary judgment because the undisputed evidence was that the cart corral was open, obvious and known to appellant and, therefore, there was no duty to protect appellant from any alleged danger. In addition, Big Bear and Nationwide contend there was no evidence of negligent design or that an alleged negligent design proximately caused appellant's injuries.
We first note that a shopkeeper owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a shopkeeper is not an insurer of the customer's safety. Id. A shopkeeper is under no duty to protect a business invitee from dangers which are known to such invitee or are so obvious and apparent to such invitee that he or she may reasonably be expected to discover them and protect himself or herself against them. Id. at 203-204, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
In support of their position, Big Bear and Nationwide cite to appellant's deposition testimony. However, appellant's deposition was never filed in the present action and, therefore, it is not part of the record. We also note that Big Bear and Nationwide did not attach portions of the relevant deposition testimony to their memoranda in support of their motion for summary judgment.
As a general matter, a deposition transcript must be filed with the court or otherwise authenticated before it can be given the force and effect of legally acceptable evidence. Putkav. Parma (1993), 90 Ohio App.3d 647, 649. However, while mere portions of a deposition attached to summary judgment motions are not properly before the trial court, a court may nonetheless consider such if no objection is raised. Rinehart v. W. LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 214, 218-219, fn. 2. In the case at bar, there is no deposition before us, either in whole or in part. We note that appellant did attach a photocopy of his entire deposition to his January 27, 2000 memorandum contra. However, as indicated above, this was stricken as being untimely.
Hence, appellant's deposition is not before this court, and we will not consider such testimony in making our decision herein. Big Bear and Nationwide did attach a photocopy of appellant's answers to interrogatories. This photocopy is unauthenticated and normally would not be considered proper evidence. See Green v. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223,228. However, appellant made no objection and, therefore, this court will consider the interrogatories in making our determination. See Rinehart, supra; Boydston v. Norfolk S. Corp.
(1991), 73 Ohio App.3d 727, 731, fn. 2, motion to certify overruled in (1991), 62 Ohio St.3d 1472.
According to appellant's answers to interrogatories, the following occurred with regard to the incident at issue. Appellant left the Big Bear store carrying two bags of groceries. Appellant proceeded to go across the parking lot. Appellant spotted his car. Appellant "cut close to a truck to miss the cement cart corrals." Appellant tripped over the cart corral and landed on a cable spike protruding two to four inches out of a cement corral. As a result of his fall, appellant suffered, in part, a bruise to his chest and injuries to his neck, back, chest, extremities and entire body.
We note first that there is no evidence Nationwide was responsible in any way for the existence and/or condition of the cart corrals. The only evidence is that Big Bear designed the corrals and specified the materials used in them. See affidavit of Jeff Poole. Hence, there is no evidence that could lead a reasonable person to conclude that Nationwide in any way had possession or control over the premises upon which the alleged negligent act(s) occurred. See, generally, Wireman v. KenecoDistributors, Inc. (1996), 75 Ohio St.3d 103, 108 (it is a fundamental tenet of premises tort law that in order to have a duty to keep premises safe for others, one must be in possession and control of the premises). As there is no evidence Nationwide had possession and control over the premises at issue, summary judgment in favor of Nationwide was appropriate.
Turning to Big Bear, we conclude summary judgment in its favor was appropriate as the evidence indicates appellant was aware of the existence of the corrals. Indeed, appellant stated in his answers to the interrogatories that he, in essence, tried to avoid such corrals. However, he did not miss such corrals and, instead, tripped over them anyway. As stated above, a business owner is not an insurer of an invitee's safety, and there is no duty to protect such invitee from known dangers. See Paschal,supra.
We note that issues of comparative negligence are never reached if the court determines that a landowner owes no duty. See Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 604. In the case at bar, we have determined that Big Bear, as the entity in possession of and control over the premises at issue, owed appellant no duty as appellant was aware of and, indeed, tried to protect himself from, the cart corrals. Having determined Big Bear owed no duty to warn of or otherwise protect appellant from any alleged danger involving the cart corrals, Big Bear is not liable to appellant for his injuries. Therefore, summary judgment in favor of Big Bear was appropriate.
In summary, summary judgment in favor of all appellees was appropriate. Accordingly, appellant's first assignment of error is overruled.
Having overruled each of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
KENNEDY and PETREE, JJ., concur.
[1] In its answer, Nationwide noted that Mr. Mustric had incorrectly listed its name in the complaint's caption and that the correct name was Nationwide Mutual Insurance Company.
[2] Instead, appellant served Ingle Barr by certified mail in October 1997.