CITY OF CLEVELAND, Appellee,

v.

GRAY, Appellant.

[Cite as *Cleveland v. Gray*, 153 Ohio App.3d 322, 2003-Ohio-3539.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82358.

Decided July 3, 2003.

Subodh Chandra, Director of Law, and Donald Gallick, Assistant City Prosecutor, for appellee.

Seeley, Savidge & Ebert and Andrew D. Bemer, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Defendant-appellant Thomas E. Gray appeals from his conviction for failure to display license plates and a certificate of registration regarding the cement pumper he was driving. We find no merit to the appeal and affirm.

{¶ 3} Gray is employed by Hydracrete Pumping Company as a driver of one of its 18 cement pumpers. According to the stipulated facts, a cement pumper consists of a pumping apparatus that is placed on a boom or crane, which is permanently attached to a truck chassis. A single power source operates both the truck engine and the pumping equipment. The pumper is self-transporting: it travels to various construction sites via public streets and highways.

{¶ 4} Gray was driving the pumper on July 23, 2002, on I–90 near Martin Luther King Boulevard, when he was stopped and cited for failure to display license plates, in violation of Cleveland Codified Ordinance ("C.C.O.") 435.09, failure to display a certificate of registration for the vehicle, in violation of C.C.O. 435.09(a) and R.C. 4549.18, and failure to wear a seat belt, in violation of C.C.O. 437.27(B)(1).[1]

{¶ 5} Gray moved to dismiss the citations, arguing that the cement pumper was not a "motor vehicle" as defined in R.C. 4501.01(B), but was construction equipment, which was not subject to licensing or registration requirements. The

---

1. Gray is not appealing the seat-belt violation.

trial court denied the motion, finding in a five-page opinion that, although the cement pumper was construction equipment, because it was being operated on the general highway at the time of the citation, it was also a motor vehicle, subject to licensing and registration requirements for motor vehicles and commercial drivers.

{¶ 6} Gray thereafter pled no contest, and the trial court found him guilty. He was fined $50 each for the license-plate and certificate-of-registration violations and $25 for the seat-belt violation. The sentence was stayed pending appeal.

{¶ 7} In his sole assignment of error, Gray argues that the cement pumper is not a motor vehicle as defined in R.C. 4501.01(B), and that he, therefore, should not have been cited for failure to display license plates. He also argues that because the pumper is not a commercial vehicle, he should not have been cited for failure to display a certificate of registration.

{¶ 8} R.C. 4501.01(B) defines a "motor vehicle" as "any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. Motor vehicle does not include motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation. * * *"

{¶ 9} Although the cement pumper is "equipment used in construction work," it is designed for use on the general highway so that it can travel from site to site. In fact, at the time Gray was stopped, the vehicle was traveling on I–90.

{¶ 10} This court held in *Putka v. Parma* (1993), 90 Ohio App.3d 647, 630 N.E.2d 380, that a backhoe, which was being driven from a garage to a work site, constituted a motor vehicle subject to city and state laws governing the regulation of motor vehicles, because at the time of the incident, it was being operated on a public road. We reasoned that "[t]he exempted vehicles must be used for their intended purposes in order for the exemption to lie. * * * An exemption cannot be given based on what a vehicle's supposed function should be, but what it was being used for at the time of the incident." Id. at 651, 630 N.E.2d 380.

{¶ 11} The "use test" employed in *Putka* was reviewed by the Ohio Supreme Court in *Muenchenbach v. Preble Cty.* (2001), 91 Ohio St.3d 141, 742 N.E.2d 1128. The court upheld the "use standard," holding that "[a] use standard may be applied to determine whether a vehicle constitutes excepted construction equipment because that exception is subject to the qualification that such equipment not be 'employed in general highway transportation.' "[2]

---

2. The court further held that the *Putka* use standard was limited in application because the "use standard can do no more than vitiate the particular exception that justifies its application

{¶ 12} In the instant case, although the cement pumper's intended function is to pump cement, Gray was driving it from one construction site to another on the public highway when he was cited. Therefore, pursuant to R.C. 4501.01(B) and the above case law, at that time, the pumper was being used as a motor vehicle and was required to display license plates.

{¶ 13} We also find that the cement pumper is a commercial vehicle pursuant to R.C. 4506.01(E)(6) and, therefore, subject to the requirement that a certificate of registration be displayed pursuant to R.C. 4549.18.

{¶ 14} R.C. 4506.01(E)(6) defines a "commercial motor vehicle" as follows:

"Commercial motor vehicle means any motor vehicle designed or used to transport persons or property that meets any of the following qualifications: [any] single vehicle or combination of vehicles that is designed to be operated and to travel on a public street or highway and is considered by the federal highway administration to be a commercial motor vehicle, including but not limited to, a motorized crane, a vehicle whose function is to pump cement, a rig for drilling wells, and a portable crane."

{¶ 15} The cement pumper satisfies all three requirements. First, the pumper is designed to be self-transporting, i.e., it transports the attached crane and pumping apparatus to the various sites and therefore is designed to transport property. Second, it was designed to travel on public streets or highways in order to get from site to site. Finally, pursuant to R.C. 4506.01(E), it is a vehicle designed to pump cement. Therefore, because the pumper satisfies these requirements, Gray was required to display a certificate of registration pursuant to R.C. 4549.18.

{¶ 16} Although Gray has cited federal law and IRS rulings in contesting his conviction, we find these cases to be unpersuasive because it is within the province of state law to define "motor vehicle" and "commercial motor vehicle" as set forth in state statutes. *Scott v. Bank One Trust Co., N.A.* (1991), 62 Ohio St.3d 39, 42–43, 577 N.E.2d 1077; *State ex rel. Black v. White* (1936), 132 Ohio St. 58, 65, 7 O.O. 165, 5 N.E.2d 163.

{¶ 17} Gray's sole assignment of error is overruled.

Judgment affirmed.

KENNETH A. ROCCO, A.J., and DIANE KARPINSKI, J., concur.

---

in the first place; it cannot apply to reformulate a definition of motor vehicle provided by the General Assembly." Id. at 148, 630 N.E.2d 380.