[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal. Appellants, Daniel E. King and Beverly King, individually and in their capacities as representatives of their minor son, Daniel King, III, appeal the decision of the trial court granting summary judgment in favor of appellee, Vindicator Printing Company.[1] For the reasons which follow, we affirm in part and reverse in part the decision of the trial court and remand the matter for further proceedings consistent with this opinion.
In July 1995, appellants' minor son was riding on a motorcycle and was involved in an accident with a van driven by Robert A. Zell ("Zell"). In the van with Zell was Zell's sister, Yvonne E. Thompson ("Thompson") and Thompson's niece. Thompson owned the van and was delivering newspapers for appellee at the time of the accident. Zell was cited in an Ohio Traffic Crash Report for failing to yield to appellants' minor son.
On July 15, 1996, appellants filed a complaint for damages for alleged injuries resulting from the accident. Appellants named Zell, Thompson, and appellee as co-defendants, alleging they were jointly and severally liable for the injuries. The complaint contained four counts and asserted that both Zell and Thompson were agents or employees of appellee at the time of the accident. Count I alleged that Zell's negligent conduct caused the injuries. Count II alleged that Thompson negligently entrusted her vehicle to Zell. Count III alleged that appellee negligently retained Thompson. Finally, Count IV alleged that appellants suffered a loss of consortium of their minor child. Appellee and Thompson answered, denying all material allegations.
Appellants were unable to perfect service on Zell at his last known address. Thereafter, they unsuccessfully attempted to serve Zell at his sister's address. Although his sister, Thompson, signed on behalf of Zell, this service was ultimately quashed because Zell was not a resident of his sister's household.
Nevertheless, the record contains a judgment entry granting Zell leave to answer or otherwise plead which was apparently entered by counsel appointed to represent Zell by the company through which Zell carried car insurance.[2] Later documents in the record reveal that Zell's appointed counsel asserted he had no knowledge of Zell's whereabouts.
Thompson subsequently moved the court for summary judgment in her favor. Appellants moved the court to stay proceedings until appellants had an opportunity to conduct additional discovery pursuant to Civ.R. 56(F). The trial court granted the motion on November 22, 1996. However, on December 16, 1996, appellants dismissed their claim against Thompson only pursuant to Civ.R. 41(A)(1).[3]
Appellants thereafter perfected service on Zell by publication
within one year of filing their complaint. Zell's counsel filed an answer on April 10, 1997, still contesting the trial court's jurisdiction over Zell.
Meanwhile, discovery had commenced, and two individuals were deposed, Thompson and appellee's district manager, Robert White ("White"). When appellants filed notice of their intent to take Zell's deposition, Zell's counsel moved the court for a protective order on the grounds that Zell's whereabouts were still unknown and that he had not personally been given notice of the deposition. This motion was outstanding at the time appellee moved for summary judgment on June 17, 1997.[4]
In its motion for summary judgment, appellee alleged that appellants were unable to point to any evidence in the record which, when construed in their favor, would create a genuine issue of material fact regarding appellee's liability for the accident. Appellee attached an affidavit from its district manager, White, a copy of the carrier lease agreement it held with Thompson, and various portions of Thompson's deposition testimony to support its position that neither Thompson nor Zell were agents or employees of appellee such that appellee would be vicariously liable for their conduct under the doctrine of respondeat superior. Appellee also maintained that appellants failed to assert any set of facts demonstrating that appellee negligently retained Thompson.
Appellants responded to the summary judgment motion, pointing out the existence of a variety of evidentiary material in the record which they alleged created a genuine issue of material fact on the issue of whether Thompson and Zell were agents or employees of appellee.[5] Appellants cited to the two depositions, the lease agreement, appellee's answers to interrogatories, and various documents obtained through the discovery process, such as appellee's manual for its news carriers.
At the same time, appellants asked the court to stay or to continue the proceedings on appellee's motion for summary judgment pursuant to Civ.R. 56(F) until they were able to depose Zell. Appellants' counsel attached an affidavit in support of this request.
The transcript of docket and journal entries in this case indicate that the trial court considered the motion for summary judgment and the motion for a protective order on September 12, 1997, although the docket indicates that it was not an oral hearing which would have required the presence of counsel. On September 16, 1997, the trial court granted appellee's motion for summary judgment, indicating that there was no just cause for delay.[6] The judgment was a general one, and the trial court did not expressly rule on appellants' Civ.R. 56(F) request or the motion for a protective order.
Appellants perfected a timely appeal, asserting one assignment of error:
 "The trial Court committed reversible error when granting Appellee Vindicator's Motion for Summary Judgment when facts and law were present upon which reasonable minds could differ."
In their lone assignment of error, appellants argue that the trial court should not have granted summary judgment in appellee's favor because reasonable minds could differ on the critical issue of whether Zell and/or Thompson were agents/employees or independent contractors of appellee. Appellants also argue that the trial court erred by granting summary judgment before all of the relevant discovery between the parties was complete.
Initially, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). An appellate court will apply this same standard to both the facts and the law at issue in its review. See Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327-328.
Because summary judgment represents a shortcut through the normal litigation process, the party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. In this regard, the moving party must be able to point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims. Id.
If the moving party has satisfied this initial burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id. If the nonmovant does not so respond, summary judgment, if appropriate, will be entered against the nonmoving party. Id.
If the nonmoving party has not had sufficient opportunity to discover the relevant facts necessary to meet his reciprocal burden, he may rely upon Civ.R. 56(F) to obtain more time to do so. Paul v. Uniroyal Plastics Co. (1988), 62 Ohio App.3d 277,282. Civ.R. 56(F) reads, in pertinent part:
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
Thus, Civ.R. 56(F) authorizes the trial court to delay a decision on a summary judgment motion while the nonmoving party has additional time to gather rebuttal evidence. In determining whether such additional time is appropriate, the trial court should, as a general rule, exercise its discretion in favor of the nonmoving party to give him more time to discover facts necessary to rebut the motion for summary judgment. See Tucker v. Webb Corp.
(1983), 4 Ohio St.3d 121; Whiteleather v. Yosowitz (1983),10 Ohio App.3d 272.
However, where discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, Ohio's appellate courts have been reluctant to find that the trial court abused its discretion by granting a motion for summary judgment before the discovery proceedings were completed. See, e.g., Ball v. Hilton Hotels
(1972), 32 Ohio App.2d 293, 295; Gates Mills Investment Co. v.Pepper Pike (1978), 59 Ohio App.2d 155. An appellate court should not reverse a judgment which prevents a party from pursuing discovery absent a showing that the trial court's ruling caused substantial injustice. Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402,409.
Here, the trial court never expressly ruled on appellants' Civ.R. 56(F) motion before it granted summary judgment in appellee's favor. Such non-action had the effect of essentially denying the request. Humphrey v. Scottish Lion Ins. Co., Ltd.
(Mar. 15, 1996), Trumbull App. No. 94-T-5099, unreported, at 29. However, for the reasons which follow, we believe that the trial court's implicit denial of appellants' Civ.R. 56(F) motion resulted in substantial injustice for appellants.
First, there is no question that Zell was a critical co-defendant whose testimony was indispensable to this summary judgment exercise. Appellants argued that Zell was negligent and that under the doctrine of respondeat superior, appellee was liable for his negligence because Zell was appellee's agent/employee at the time of the accident. Appellants argued that Zell would necessarily have pertinent information on the issue which might be beneficial to their case.
Appellee, on the other hand, argued that it had no relationship whatsoever with Zell at the time of the accident. Appellee pointed to the existence of evidentiary material in the record to support its position. However, without the benefit of Zell's testimony, appellants had no way of rebutting appellee's evidentiary documents. Indeed, appellee emphasized in its appellate brief that appellants failed to rebut its evidence that Zell had no relationship with appellee. As indicated above, however, Civ.R. 56(F) is the mechanism by which the nonmoving party can obtain a continuance from the court in order to gather rebuttal evidence. In the case at bar, appellants tried to avail themselves of this mechanism, but were denied access to it.
Second, although appellants did not give the trial court an indication of the length of the continuance sought, the implications of denying the request were so devastating to the suit that the trial court should have given appellants the opportunity to present the operative facts concerning the efforts made to date to secure Zell's testimony; an assessment of the prospect of ever securing Zell's testimony; and a specific time frame for the completion of the search for Zell. We agree that the court had no obligation to grant an open ended continuance.
Even though we do not expect the trial court to carry the matter on its docket indefinitely, the trial court should have given appellants formal notice through the grant of a limited continuance, that appellants were running out of time and that the court was about to render judgment in the case. If, after this notice, appellants were still unable to secure, or provide a plan to secure, Zell's testimony, we could comfortably say that the trial court's decision to overrule the Civ.R. 56(F) motion would be upheld. Without such notice, we cannot say the same.
In light of the foregoing analysis, we conclude that appellants' lone assignment of error is well-taken to the extent that we agree the trial court prematurely granted summary judgment in favor of appellee. On remand, the trial court should grant appellants a limited continuance to secure, or to present a specific and reasonable plan to secure, Zell's testimony pursuant to Civ.R. 56(F). An evidentiary hearing on the matter may or may not be necessary as the trial court deems fit.
Due to our disposition of the Civ.R. 56(F) issue, we need not address appellants' remaining argumentation. Suffice it to say that appellants have raised some interesting issues as to whether Thompson was an agent/employee of appellee such that appellee could be vicariously liable for the acts of her assistant, Zell.
The judgment of the trial court is hereby affirmed in part in relation to summary judgment in appellee's favor on Counts II and III. As to Counts I and IV, summary judgment in favor of appellee is reversed, and the matter is remanded for further proceedings consistent with this opinion. __________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
NADER, J., concur.
[1] None of the other parties below filed briefs in this appeal.
[2] The record is not entirely clear on this point.
[3] Here we note that appellants improperly used Civ.R. 41 to dismiss their claim against Thompson. As we indicated inReagan v. Ranger Transp., Inc. (1995), 104, Ohio App.3d 15, 18, "a party cannot dismiss claims pursuant to Civ.R. 41(A)(1)(a) because such rule permits only the dismissal of actions." Such an improper dismissal is a nullity. Id. Instead, the proper procedure to dismiss claims in a multi-count complaint is to amend the complaint pursuant to Civ.R. 15(A). Nevertheless, the subject issue is not dispositive of the instant appeal, and we will limit our discussion of this point to this footnote.
[4] Appellants have not assigned any error in relation to this motion for a protective order. Thus, we will not delve into the same.
[5] Appellants did not respond at the trial court level to appellee's assertions in Count III regarding the negligent retention of Thompson. Nor have they raised this as an issue in this appeal. As a result, we believe that appellants are not contesting the grant of summary judgment in appellee's favor as to Count III. Moreover, at oral arguments, the parties conceded that the negligent entrustment issue contained within Count II is similarly uncontested. That leaves Counts I and IV at issue in this appeal, i.e., whether appellee is liable for Zell's alleged negligence and the appellant-parents' accompanying loss of consortium claim.
[6] This case is distinguishable from Reagan, supra, n. 3, because here the trial court utilized Civ.R. 54(B) language and although Civ.R. 41 was used improperly, it was not done so in an attempt to make the judgment a final appealable order. Thus, wesua sponte acknowledge that we are addressing a final appealable order.