OPINION
{¶ 2} Plaintiffs-appellants Rodney and Deborah Bell (Bells) appeal the decision of the Carroll County Common Pleas Court granting defendants-appellees' Holden Surveying, Inc., Virgil Holden, and David Holden (collectively known as Holden), motion for summary judgment. This court is asked to decide two issues. First, whether the trial court erred when it failed to consider uncertified excerpts from depositions attached to the motion in opposition to summary judgment when the depositions were never formally filed with the trial court. Second, whether any genuine issue of material fact exists as to any of the common law fraud elements. For the reasons discussed below, the decision of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 3} This case is a continuation of our ruling in Bell v. Holden (Sept. 29, 2000), 7th Dist. No. 729. The below facts include facts from our prior holding and additional facts.
 {¶ 4} Leonard and Mildred Jurkiewicz (Jurkiewiczs) owned a large plot of land in Carroll County, Ohio. The Jurkiewiczs wished to sell this land, so they hired Holden to plat and subdivide the land. The Jurkiewiczs sold the divided parcels of this land to John and Ruth Royer (Royers), Terry and Myrna Lynch (Lynchs) and William and Cynthia Ray (Rays). The Royers subsequently conveyed their lot to the Bells. In surveying the land, Holden failed to identify a corner monument along a fence line, which was a marker of the property line. This failure caused an inaccurate survey of the land, which resulted in defective deeds. However, at the time of these conveyances this inaccuracy was unknown to the Jurkiewiczs, Royers, Lynchs, Rays and Bells.
 {¶ 5} A few years after these conveyances and the survey, Thomas Duffy (Duffy), who owned a lot of land that bordered the original Jurkiewicz land, decided to sell his lot of land to D. Ladich (Ladich). The lot of land Duffy was selling was adjacent to the south end of the Bell lot. In preparation for the transfer of land from Duffy to Ladich, a survey was conducted. This survey was inconsistent with the survey performed by Holden. The result was an overlap of the Bells and Ladich lots.
 {¶ 6} On July 19, 1995, Ladich filed a complaint (Case No. 20918) naming as party defendants Holden and the Bells. The complaint sought declaratory judgment and an order quieting title of the overlap in favor of Ladich and against the Bells. Ladich also sought an order requiring Holden to replat the adjoining land. The parties filed answers to the Ladich complaint. The answers admitted the truth of Ladich's complaint. Namely, that the prior Holden survey was erroneous and incorrect causing an overlap of the Ladich and Bell lots and resulting in defective deeds. The trial court found that all parties "concurred" that Ladich was entitled to the relief he requested. Accordingly, the court granted Ladich leave to file a Civ.R. 12(C) motion, judgment on the pleadings. As such, the trial court issued a judgment on the pleadings quieting title of the overlap in Ladich's favor and ordering a corrective survey of all adjoining lands.
 {¶ 7} On January 8, 1996, a supplemental judgment entry was filed indicating that an agreement had been reached among the parties whereby Holden would obtain and transfer land from the Bells' property neighbor, the Lynchs, to the Bells in order to restore their parcel to its original size. However, the Lynchs declined to transfer any of their land. Holden then filed a motion for relief from judgment based on impossibility of performance. The Bells responded in opposition to this motion. The trial court sustained Holden's motion and vacated the supplemental judgment entry.
 {¶ 8} In July 1996, the Bells filed a complaint against Holden Surveying, Inc. and Virgil and David Holden, individually, for fraud, negligence, and professional malpractice; against the Royers and John Doe insurance and title companies for breach of contract/warranty deed; and against the Jurkiewiczs, Lynchs, and Rays for declaratory judgment ordering them to submit to a new and proper boundary marking.
 {¶ 9} The Holdens filed a joint answer to the complaint. The remaining defendants filed answers to the complaint and each also asserted a cross-claim against Holden sounding in professional negligence/malpractice and seeking damages and indemnification if the Bells were successful in declaratory judgment. In May 1997, the Bells filed a motion for summary judgment against all defendants on the issue of declaratory leave and liability. The Lynchs and Rays filed a joint motion for judgment on the pleadings. The Bells filed a memorandum in opposition.
 {¶ 10} On August 26, 1999, the trial court issued an opinion and judgment entry dismissing all of the Bells' claims. The trial court found that, based on the corrective survey conducted in Case No. 20918, the Bells' claims relating to the various boundary lines had been rendered moot. The trial court also found that the Bells' claims against Holden for professional negligence/malpractice, breach of contract and negligent misrepresentation were barred due to the expiration of the applicable statute of limitations. Further, the court found that any remaining claims asserted by the Bells were barred under the doctrine of res judicata. The Bells appealed to this court. We affirmed the trial court's ruling on the issue of mootness. We also affirmed the trial court's ruling that the professional negligence/malpractice claim was barred by the statute of limitations. However, we reversed and remanded the common law fraud claim, stating that the discovery rule enumerated in R.C. 2305.09
was applicable, whereupon this claim was not barred by statute of limitations. We reversed the trial court's ruling on the issue of res judicata.
 {¶ 11} As such, on remand the Bells proceeded with their claim of common law fraud against Holden. Depositions and discovery occurred. On August 3, 2001, Holden filed a motion for summary judgment. The Bells filed a motion in opposition to summary judgment. On September 26, 2001, the trial court granted Holden's motion for summary judgment. The trial court held that the Bells' motion in opposition to summary judgment was not supported by the type of evidence specified in Civ.R. 56(C). Therefore, the trial court stated that it did not have to consider the attached uncertified portions of depositions that were not filed with the court. Furthermore, the trial court held that the Bells did not rely on representations made to them by Holden but relied on representations by the Royers. Therefore, there was no privity between Holden and the Bells. Additionally, the trial court noted that the record is devoid of any evidence that Holden had actual knowledge of the inaccurate boundary lines and intentionally disseminated false information to others in order to mislead them. Furthermore, the trial court stated that the Bells' complaint was not pled with specificity in accordance with Civ.R. 9(C), and therefore could be dismissed. The Bells timely appealed the judgment.
 ASSIGNMENT OF ERROR NO. TWO {¶ 12} The Bells raise two assignments of error. The second assignment of error will be addressed first since it determines what the court can consider in reviewing the summary judgment motion. The Bells' second assignment of error contends:
 {¶ 13} "THE LOWER COURT ERRED IN DETERMINING THAT OHIO R. CIV. P. 56(C) PRECLUDED CONSIDERATION OF EXCERPTS OF DEPOSITIONS ATTACHED TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT."
 {¶ 14} The depositions referenced to in the motion for summary judgment were never filed with the trial court. However, the Bells ask this court to take an enlightened view of Civ.R. 56(C), and hold that the trial court should have considered the deposition excerpts in ruling on the motion for summary judgment. The Bells insist that depositions are akin to affidavits in that they are taken under oath. Furthermore, the Bells contend that Holden did not object to the trial court's possible consideration of these excerpts, and therefore it was error for the court to fail to consider these excerpts.
 {¶ 15} In a motion for summary judgment, the movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying supporting evidence. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Attached to Holden's motion for summary judgment is an affidavit from David Holden stating that after performing a diligent search he was still unable to locate the stone monument "marking the intersection of the southeast and southwest quarters of Section 10 with the northeast and northwest quarters of Section 9 of Harrison Township, Carroll County, Ohio." His affidavit further states that since he could not find the stone monument marker, he used accepted surveying practices to survey the land. Holden has met its initial burden.
 {¶ 16} Once the burden is met, the burden shifts to the nonmovant to set forth specific facts and supporting evidence showing that a genuine issue as to material fact exists. Id. Civ.R. 56(C) controls the materials that the court may consider when it determines whether there are any triable issues of fact. Bowmer v. Dettelbach (1996),109 Ohio App.3d 680, 684. The rule directs the court to consider only "the pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C) (emphasis added). Where the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate. The V Companies v. Marshall (1998),81 Ohio St.3d 467, 473 (emphasis added); Bowmer, 109 Ohio App.3d at 684;Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220, 222. However, it is well within the trial court's discretion to ignore documents that do not comply with Civ.R. 56(C). Biskupich,33 Ohio App.3d at 222.
 {¶ 17} Attached to the Bells' motion in opposition to summary judgment is an affidavit executed by Rodney Bell, and excerpts from depositions of Rodney Bell, Deborah Bell, David Bodo, Virgil Holden and David Holden. None of these depositions are complete or contain a reporter's certification. Holden did not object to these documents being attached to the motion in opposition to summary judgment. However, the trial court refused to consider the excerpts from the depositions in ruling on the motion for summary judgment.
 {¶ 18} A deposition transcript must be authenticated before it can be considered as legally acceptable evidence for summary judgment purposes. Putka v. Parma (1993), 90 Ohio App.3d 647, 649. A material fact may not be proven by use of statements contained in a deposition that was neither filed with the trial court nor attached to the motion in certified form. Schrader v. Gillette (1988), 48 Ohio App.3d 181. Civ.R. 30(F) governs depositions and provides as follows:
 {¶ 19} "(1) Upon request of any party or order of the court the officer shall transcribe the deposition. The officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness." Civ.R. 30(F).
 {¶ 20} In Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402,407, appellant offered a deposition transcript that did not include the court reporter's certification and, thus, did not satisfy the requirements of Civ.R. 30(F). The Eleventh District Court of Appeals held that without the certification, the alleged deposition was not a "deposition" for purposes of Civ.R. 56(C); the transcript was not a type of evidence enumerated in Civ.R. 56(C). Id. Therefore, the appellate court stated that the trial court was not required to consider it when it ruled on appellee's motion for summary judgment. Id.
 {¶ 21} However, while the Bells agree with Holden as to the requirements of Civ.R. 56(C), they insist that this court should take a more "enlightened view" of Civ.R. 56. The Bells cite Gaumont v. Emery AirFreight Corp. (1989), 61 Ohio App.3d 277, 287, for the proposition that when a party does not object to the introduction of evidence that is not in conformity with Civ.R. 56(C), the trial court can consider that evidence. While this statement is accurate, the Bells want this court to extend this statement to the point where if a party does not object, the trial court errs when it fails to consider the evidence that is not in conformity to Civ.R. 56(C).
 {¶ 22} We decline to adopt the Bells "enlightened view" of Civ.R. 56. Appellate courts have stated that it is within the trial court's discretion to consider nonconforming evidence when there is no objection. The V Companies, 81 Ohio St.3d at 473; Bowmer,109 Ohio App.3d at 684; Biskupich, 33 Ohio App.3d at 222. Therefore, a trial court is permitted to sua sponte determine that the documentation attached to the summary judgment is not in conformity with the requirements of Civ.R. 56(C). When a trial court determines that it will not consider nonconforming evidence, that decision is not an error unless the trial court acted in an unreasonable, unconscionable, or arbitrary manner.
 {¶ 23} Under the above case law, the trial court was justified in not considering the deposition excerpts. The excerpts of the attached depositions are not certified. The attached portion does not state that the witnesses were under oath and that the deposition record is an accurate account of that deponent's testimony. Additionally, these depositions were never filed with the court. As explained above, a trial court may consider the nonconforming evidence, however, it is not required to consider that evidence. Accordingly, we cannot now hold that the trial court abused its discretion in holding that the excerpts from the aforementioned depositions were not properly filed under Civ.R. 56(C) and would not be considered. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. ONE {¶ 24} "THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT IN DEFENDANT-APPELLEE HOLDEN'S FAVOR ON PLAINTIFF-APPELLANT BELL'S FRAUD CLAIM."
 {¶ 25} The resolution of the second assignment of error means that we will not consider the deposition excerpts in reviewing this assignment of error. See Young v. Jones (1997), 122 Ohio App.3d 539, 545 (the trial court, in its own discretion, considered the documentary evidence offered to support the motion for summary judgment. The appellate court found that the trial court could consider the evidence and since it did consider the evidence, the appellate court also considered the evidence.).
 {¶ 26} The Bells claim that the trial court erred in two respects under this assignment of error. First, the Bells insist the trial court erred by requiring them to show actual knowledge. The Bells argue that a person can be held liable for fraudulent misrepresentation if the representation is false and if he made the statement under such circumstances that he should have known of the statement's falsity. Secondly, the Bells contend that the trial court erred by requiring them to show intent to deceive. Instead, they claim they are required to show intent to induce reliance. They claim the trial court erred in requiring privity between Holden and the Bells to prove this element. They insist that even though Holden did not directly make representations to the Bells, Holden knew that the information in the survey would pass through hands and others would rely on the statements made in that survey. Therefore, according to the Bells, these statements in the survey were made with the intent to induce the owner of the land and any subsequent transferee to rely on them. As such, according to them, the trial court erred in granting summary judgment.
 {¶ 27} An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102. Summary judgment is properly granted when: 1) no genuine issue as to any material fact exits; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id. Summary judgment is a procedural device to terminate litigation; as such it must be awarded with caution. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 28} Fraud is never presumed, but instead must be affirmatively proved. Beneficial Fin. Co. v. Smith (1968), 15 Ohio App.2d 208, 210. The elements of fraudulent misrepresentation are: 1) a representation, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance in the representation or concealment, 6) a resulting injury proximately caused by the reliance. Brewer v. Brothers (1992),82 Ohio App.3d 148. The trial court ruled that the Bells failed to establish that there was a genuine issue of material fact concerning the third and fourth elements. Those elements will be addressed separately. The determination of these issues is factually based on the failure to find the corner stone monument marker, which dictated the accurate property lines.
 KNOWLEDGE OF FALSITY {¶ 29} The trial court stated that the Bells failed to show that Holden had actual knowledge that the survey was false. The Bells argue that actual knowledge is not needed. Rather, they claim when statements are made under such circumstances the defendant should have known of the falsity of the representation, the court could infer knowledge onto the defendant. The Bells contend that the stone monument that is a corner marker on the property is so open and obvious that Holden had knowledge of the marker. (Rodney Bell affidavit). The stone monument lies in line with an old fence line and according to Rodney Bell the fence line is a natural indicator where the marker is located.
 {¶ 30} No misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity or under such circumstances that the law must necessarily impute such knowledge to the party at the time he made it. Mason v. Moore (1906), 73 Ohio St. 275. Knowledge of falsity can be inferred from the circumstances surrounding the case.Jenkins v. Clark (1982), 7 Ohio App.3d 93. The complaint does not plead "actual knowledge," rather it pleads that Holden committed "fraud on plaintiffs by knowingly providing false and inaccurate boundary lines." As such, Holden's claim that the Bells pled actual knowledge is inaccurate. The Bells were not required to prove that Holden had actual knowledge of the falsity; rather that he had knowledge of the falsity.
 {¶ 31} Ohio Courts have stated that knowledge of falsity exists when a person makes a statement knowing it is false or when a person makes a statement that is false but makes the statement without knowledge of its truth or falsity. Pumphrey v. Quillen (1956), 165 Ohio St. 343. Courts have stated that knowledge of falsity can be shown by a person saying that "he knows a fact's existence when he is conscious that he merely believes it to exist, or has no belief one way or the other of its truth or falsity or who asserts a fact as of his own knowledge, or so positively as to imply that he has knowledge, when he knows that he has not sufficient information to justify it." Doyle v. Fairfield MachineCo., Inc. (1997), 120 Ohio App.3d 192, 208, citing Pumphrey v. Quillen
(1955), 102 Ohio App. 173, paragraph one of the syllabus. See, also,Mohler v. Baker (1950), 88 Ohio App. 461, 466.
 {¶ 32} Therefore, the question is whether a genuine issue of material fact exists as to whether Holden made the false statement without knowledge of its truth or falsity; that he made the statement without first determining whether it was true or false. Rodney Bell's statement that the marker was obvious could infer that Holden could have had knowledge of boundary lines if he would have done a diligent search. (Rodney Bell affidavit) Holden states he performed a diligent search for the stone monument. (David Holden affidavit.) He further adds that when he performed the search and was unable to find the marker that he calculated the boundary lines using common practices in the surveying field. (David Holden affidavit.) Therefore, viewing these statements in a light most favorable to the non-moving party, the Bells, there appears to be a genuine issue of material fact as to whether Holden made the statement without knowing whether it was true or false. Therefore, the Bells have met their burden on one of the two disputed elements in this appeal.
 INTENT OF MISLEADING {¶ 33} Intent of misleading is the second element in controversy in this appeal. In order for the complainant to prevail, proof of a mere naked falsehood or representation is not enough, even though the complainant party relied on it and sustained damages; the false statement must have been made intentionally to mislead. 50 Ohio Jurisprudence 3d (1984) 465, Fraud and Deceit, Section 111. Intent to mislead is rarely proven by direct evidence and usually can be inferred or presumed from the facts and circumstances of the case. Doyle, 120 Ohio App.3d at 208; Davisv. Sun Ref. Mktg. Co. (1996), 109 Ohio App.3d 42, 56.
 {¶ 34} Holden claims he did not intend to mislead the Bells because he did not know that the survey was inaccurate. (David Holden affidavit.) He claims he had no knowledge of the inaccuracy of his survey until he was informed two years later when the second survey was performed. (David Holden affidavit.) Rodney Bell contends that Holden intentionally performed the survey in an inaccurate and improper manner. (Rodney Bell affidavit.) However, this statement is conclusory in nature and provides no facts in support of the allegation that Holden intended to mislead anyone with the inaccurate survey. The Bells needed to provide specific facts showing that a genuine issue existed for trial. Dresher,75 Ohio St.3d 280. The Bells failed to meet their burden. No genuine issue as to material fact exists as to whether Holden intended to mislead the Bells. As such, summary judgment was properly granted. Since we have determined that the trial court properly granted summary judgment, all other issues raised, i.e. privity, in regards to summary judgment do not need to be addressed.
 {¶ 35} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.