DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Alfred L. Pinotti, asks this court to reverse the trial court's grant of summary judgment to appellee, Nicholas L. Pinotti.
 {¶ 2} Nicholas L. Pinotti ("Nick") is the son of Alfred L. Pinotti ("Fred") and the grandson of Alfred D. Pinotti. In his last will and testament, Alfred made Nick the executor and sole beneficiary of his state. However, it was understood that Nick would take care of his father, Fred. It is undisputed that Fred resided with Nick from the time of Alfred's death, July 1997, until November 2001, and that Nick paid for Fred's living expenses.
 {¶ 3} On September 26, 2001, Fred commenced the instant action against Nick. Fred alleged that Nick induced Fred to give him the proceeds, totaling $95,143.20, from Alfred's life insurance policy. It is undisputed that Fred was the sole beneficiary under that policy. Fred asserted two legal theories for the recovery of the insurance proceeds. First, he claimed that the transaction was a mistake; second, he characterized the transaction as a loan (breach of an oral contract to repay the monies). Nonetheless, the parties raised and argued, and the trial court considered and decided, a third theory of recovery, to wit, undue influence.[1]
 {¶ 4} Nick answered the complaint[2]. Notably, his answer failed to raise the affirmative defense of the Statute of Frauds. In response to interrogatories, Nick admitted that he did take the proceeds from the life insurance check. Nick maintained, however, that the funds were used to pay Fred's expenses and to repay substantial debt owed by Fred to Alfred's estate.
 {¶ 5} Both Nick and Fred then filed motions for summary judgment. Nick supported his motion for summary judgment by appending Fred's deposition[3] and other documents to that motion. In addition, Nick, for the first time, raised the argument that Fred's breach of an oral contract was barred by R.C. 1335.05, Ohio's statute of frauds.
 {¶ 6} On October 22, 2002, the common pleas court denied Fred's motion for summary judgment and granted Nick's motion for summary judgment. Fred appeals and asserts that the following error occurred in the proceedings below:
 {¶ 7} "In granting the motion for summary judgment in favor of defendant [sic] Nicholas L. Pinotti, the Court of Common Pleas of Lucas County erred in ruling that (1) the appellant's loan to appellee was subject to the Statute of Frauds and (2) there was no evidence that Nicholas Pinotti exercised undue influence over his father, Alfred L. Pinotti."
 {¶ 8} Our review of the trial court's denial or grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Nick could prevail on his motion for summary judgment only if: (1) no genuine issue of material fact remained to be litigated; (2) it appeared from the evidence that reasonable minds could reach but one conclusion and that conclusion was adverse to Fred; and (3) Nick was entitled to summary judgment as a matter of law. Civ.R. 56(C); Horton v.Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 9} In meeting this standard, Nick had the burden to show that no genuine issues of material fact existed by informing the trial court of the basis for the motion and identifying those portions of the record that demonstrated the absence of a triable issue on any or all of the essential elements of the Fred's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once Nick satisfied this initial burden, the burden shifted to Fred to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that genuine issues of material fact existed for trial. Id.
 {¶ 10} Fred first contends that the trial court erred in determining that his claim for breach of an oral contract was barred by the Statute of Frauds. We reverse the trial court's judgment on this issue because we conclude (1) that Nick waived his right to raise this affirmative defense; and (2) there is a genuine material fact as to whether the transfer of the insurance proceeds is a loan.
 {¶ 11} Civ.R. 8(C) reads, in relevant part: "in pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of frauds * * * and any other matter constituting avoidance or affirmative defense." The failure to plead the statute of frauds as an affirmative defense constitutes a waiver of that defense. Houser v. Ohio Historical
Society (1980), 62 Ohio St.2d 77, 79; McSweeney v. Jackson (1996),117 Ohio App.3d 623, 629; Ford v. Tandy Transp., Inc. (1993),86 Ohio App.3d 364, 381.
 {¶ 12} In this case, Nick failed to raise this affirmative defense in his answer or in any other acceptable manner. See Spence v. LibertyTwp. Trustees (1996), 109 Ohio App.3d 357, 366 (An affirmative defense may be raised only by expressly using that defense as part of a prepleading Civ.R. 12(B) motion to dismiss, or expressly setting forth that defense in a responsive pleading pursuant to Civ.R. 8(C); or by amending a responsive pleading pursuant to Civ.R. 15 to include that defense.) Instead, the statute of frauds defense was not raised until Nick filed his motion for summary judgment. Therefore, he a waived the statute of frauds as an affirmative defense. Mossa v. Western CreditUnion, Inc. (1992), 84 Ohio App.3d 177, 181.
 {¶ 13} Moreover, Nick admitted to receiving the proceeds from his grandfather's life insurance policy, but claimed that they were used to pay Fred's expenses and for the repayment of Fred's debts owed to the estate. In his deposition, Fred maintained that he had loaned the insurance proceeds to Nick subject to an oral promise to repay. Fred stated that any debts he owed to Alfred were repaid prior to Alfred's death. Thus, in our de novo review, we find that a genuine issue of material fact exists as to whether the transaction between Nick and Fred was, indeed, a loan.
 {¶ 14} Fred next argues that the trial court erred in finding that there was no evidence that Nick exercised undue influence over Fred. He claims that the testimony in his deposition discloses that he was an "elderly, disabled father" who had "suffered physical abuse at the hands of his son in the past, and who was "afraid not to do what his son demanded."
 {¶ 15} The elements of undue influence include the following: (1) a susceptible party; (2) another's opportunity to exert influence; (3) the fact of improper influence exerted or attempted; and (4) the result showing the effect of such improper influence. Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 65.
 {¶ 16} In his deposition, Fred provided the following facts material to his claim of undue influence. The claimed loan of the insurance proceeds transpired in September 1997. At the time of the deposition in August 2002, Fred was sixty years old, living on his own, and employed as a real estate agent and appraiser. Although Fred had a "stroke" at the age of seventeen, he recovered, graduated from high school, and completed at least three years of college needed for a degree in architecture. Fred also operated his own construction business for several years. Apparently, however, the stroke permanently limited the function of Fred's right hand side.
 {¶ 17} Fred did state that Nick "slapped him around" on three occasions since the death of Alfred. However, Fred offered no testimony indicating that Nick physically threatened him when Nick asked for the proceeds from his grandfather's insurance policy. In fact, Fred agreed that he could have said no, taken the money, and lived somewhere else.
 {¶ 18} Based upon the foregoing deposition testimony, we conclude that Fred failed to offer any specific facts that would create a genuine issue of material fact on, at a minimum, the element of whether Nick improperly exerted influence or attempted to influence Fred at the time of the transfer of the life insurance proceeds. Therefore, the trial court did not err in granting summary judgment to Nick on Fred's claim of undue influence. Accordingly, Fred's sole assignment of error is found well-taken, in part, and not well-taken, in part.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is reversed on Alfred L. Pinotti's claim of a breach of an oral contract only. The remainder of the trial court's judgment is affirmed. This cause is remanded to the common pleas court for further proceedings consistent with this decision. Alfred L. Pinotti and Nicholas L. Pinotti are ordered to each pay one-half of the costs of this appeal.
 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer, J.
[1] When issues not raised by the pleadings are tried by the express or implied consent of the parties they are treated in all respects as if they had been raised by the pleadings. Civ.R. 15(B); Majcen Assoc.v. Phoenix Assoc., Inc., 8th Dist. No. 76454, 2001-Ohio-4121.
[2] The complaint further asserted that, on September 13, 1996, Nick negotiated a social security disability settlement check made out to Fred. The trial court disposed of this claim in its decision on Nick's motion for summary judgment. Fred fails to raise any error related to this claim on appeal.
[3] The deposition in this case was neither authenticated pursuant to Civ.R. 30(E) nor filed in the trial court. The deposition was simply attached to Nick's motion for summary judgment. However, when the nonmoving party fails to object to the lack of authentication or the failure to file a deposition, and, in fact relies on the deposition both below and on appeal, the trial court does not commit error in considering the deposition for the purpose of determining a motion for summary judgment. See Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, 406
(authentication); and Dinnin v. Bencin (July 30, 1998), Cuyahoga App. No. 73141 (filing). Here, Fred relied on the deposition in opposing Nick's motion for summary judgment and continues to rely on that deposition in his arguments on appeal. Therefore, the trial court and this court can consider the deposition in determining the issues in this cause.